UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SAM AUGELLO and ROBIN AUGELLO, individually and as husband and wife,<br><br>Plaintiffs,<br><br>vs.<br><br>BOBCAT COMPANY, a North Dakota company, and JOHN DOES 1-10, and ROE COMPANIES, 1-10,<br><br>Defendants. | No. CV-12-354-LRS<br><br>**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT** |

**BEFORE THE COURT** is Defendant Bobcat Company's Motion For Summary Judgment (ECF No. 9). This motion is heard without oral argument.

Defendant's motion was filed on December 26, 2012. The court acknowledges that Plaintiffs' response, filed February 1, 2013 (ECF No. 15), was untimely per the court's local rules, LR 7.1(c). Nonetheless, the court will proceed to entertain the motion on its merits rather than granting it because of a procedural deficiency.

## BACKGROUND

This is a diversity action in which the Plaintiffs assert claims against Defendant Clark Equipment Company d/b/a Bobcat Company (CEC) under the

**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT-    1**

Washington Products Liability Act (WPLA), RCW 7.72 et seq. Plaintiffs' complaint was originally filed in Spokane County Superior Court on January 26, 2012, and removed by CEC to this federal court on May 16, 2012. CEC now moves for summary judgment contending that Idaho law applies and hence, Plaintiffs' action is barred by the two year statutes of limitations in Idaho which apply to: 1) an action to recover damages for personal injury, including an action for breach of implied warranty, I.C. § 5-219(4); and 2) to any claim brought under Idaho's Product Liability Act, I.C. § 6-1403.

## SUMMARY JUDGMENT STANDARD

The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court. *Zweig v. Hearst Corp.*, 521 F.2d 1129 (9th Cir.), *cert. denied*, 423 U.S. 1025, 96 S.Ct. 469 (1975). Under Fed. R. Civ. P. 56, a party is entitled to summary judgment where the documentary evidence produced by the parties permits only one conclusion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505 (1986); *Semegen v. Weidner*, 780 F.2d 727, 732 (9th Cir. 1985). Summary judgment is precluded if there exists a genuine dispute over a fact that might affect the outcome of the suit under the governing law. *Anderson*, 477 U.S. at 248.

The moving party has the initial burden to prove that no genuine issue of material fact exists. *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348 (1986). Once the moving party has carried its burden under Rule 56, "its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Id.* The party opposing summary judgment must go beyond the pleadings to designate specific facts establishing a genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317,

**ORDER GRANTING MOTION
FOR SUMMARY JUDGMENT-    2**

325, 106 S.Ct. 2548 (1986).

In ruling on a motion for summary judgment, all inferences drawn from the underlying facts must be viewed in the light most favorable to the nonmovant. *Matsushita*, 475 U.S. at 587. Nonetheless, summary judgment is required against a party who fails to make a showing sufficient to establish an essential element of a claim, even if there are genuine factual disputes regarding other elements of the claim. *Celotex*, 477 U.S. at 322-23.

## UNDISPUTED FACTS

Sam Augello, an Idaho resident, was injured on January 26, 2009, while operating a Bobcat Mini Track Loader (MTL55) designed and manufactured by CEC in North Dakota. CEC is incorporated in Delaware and has its principal place of business in North Dakota. The accident which injured Mr. Augello occurred in Idaho.

The Bobcat MTL55 in question was sold by CEC to Bobcat West and it was delivered to retailer Bobcat West in Eugene, Oregon, on May 21, 2007. On March 10, 2008, Umbrella Sprinkler Systems, through its agent, Kyle Smith, purchased the MTL55 from the Bobcat West retailer in Eugene, Oregon, and picked it up from that retailer's store location in Spokane, Washington. Umbrella Sprinkler Systems' place of business is in Lewiston, Idaho. Prior to January 26, 2009, Umbrella Sprinkler Systems and/or Kyle Smith had taken the MTL55 in for service/repairs at Hahn Supply, Inc. in Lewiston, Idaho. On or around January 26, 2009, Kyle Smith loaned the MTL55 to Mr. Augello.

**ORDER GRANTING MOTION
FOR SUMMARY JUDGMENT-     3**

## DISCUSSION

There is no dispute that there are conflicts between Washington law and Idaho law which pertain to the claims asserted by Plaintiffs. Federal courts sitting in diversity must apply the forum state's choice of law provisions in order to determine the substantive law that will control. *Brewer v. Dodson Aviation*, 447 F. Supp. 2d 1166, 1175 (W.D. Wash. 2006) (citations omitted). Washington has adopted the Restatement (Second) Conflict of Law "most significant relationship" rule for choice of law problems in tort cases. *Martin v. Goodyear Rubber & Tire Co.*, 114 Wn.App. 823, 829, 61 P.3d 1196 (2003). Under that rule, the local law of the state which, with respect to the relevant issue, has the most significant relationship to the occurrence and the parties involved, will dictate the resolution of the case. *Id.* The contacts taken into account are: (1) the place where the injury occurred; (2) the place where the conduct causing the injury occurred; (3) the domicile, residence, nationality, place of incorporation and place of business of the parties, and (4) the place where the relationship, if any, between the parties is centered. *Id.* These contacts are to be evaluated both qualitatively and quantitatively, keeping in mind the location of the most significant contacts as they relate to the issue at hand. *Id.* In personal injury cases, there is a presumption that the law of the state where the injury occurred applies, unless another state has a greater interest in determining the particular issue. *Id.*

### A. The Place Where the Injury Occurred

The accident that caused the injury to Mr. Augello occurred in Idaho. Generally, in cases of personal injury, the location of the injury plays an important role in selecting the applicable law. *Restatement (Second) of*

**ORDER GRANTING MOTION**
**FOR SUMMARY JUDGMENT-    4**

*Conflict of Laws* § 145 (1971). The presumption that the law of the state where the injury occurred determines the rights of the parties is generally overcome only if it is shown another state has a prevailing interest in applying its law. *Martin*, 114 Wn.App. at 830. This factor weighs in favor of applying Idaho law.

### B. The Place Where the Conduct Causing the Injury Occurred

In a products liability action, the place where the conduct causing the injury occurred will be the location in which the defendant designed, manufactured, or otherwise was involved with the product in question. *Zenaida-Garcia v. Recovery Systems Technology, Inc.*, 128 Wn.App. 256, 263, 115 P.3d 1017 (2005). CEC designed and manufactured the MTL55 in North Dakota. There is no evidence that any service/repair of the MTL55 occurred in Washington. This factor is neutral and does not weigh in favor of applying either Washington or Idaho law.

### C. The Domicile, Residence, Nationality, Place of Incorporation And Place Of Business Of The Parties

Plaintiffs are residents of Idaho. CEC is incorporated in Delaware and has its principal place of business in North Dakota. This factor does not weigh in favor of the application of any particular state's law.

### D. The Place Where the Relationship Between the Parties, if any, is Centered

When there is an existing relationship between the plaintiff and defendant, and the conduct causing the injury occurred during the course of

**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT-    5**

that relationship, this is a contact which should be considered in determining which law to apply. *Restatement (Second) of Conflict of Laws* § 145 (1971). Generally, in an action for unsafe design, the place where the relationship is centered is the same place as where the conduct causing the injury occurred. *Zenaida-Garcia*, 128 Wn.App. at 263. When there is no direct contact between plaintiff and defendant, no relationship exists for purposes of this analysis. *Brewer*, 447 F.Supp.2d at 1182.

Here, the Plaintiffs had no direct contact with CEC. Kyle Smith, an Idaho resident, picked up the MTL55 from a Bobcat West store location in Spokane. Per the Declaration of Shawn Warkenthien (ECF No. 13), a Product Safety Manager for CEC who attests to being familiar with CEC's corporate structure, Bobcat West is "an independent construction equipment dealer." Like Kyle Smith, Bobcat West is not a party to this action. Plaintiffs have not presented any evidence to dispute CEC's evidence (Mr. Warkenthien's declaration) that Bobcat West is "an independent construction equipment dealer."

Because there was no direct contact between Plaintiffs and CEC, this factor- place where relationship between the parties is centered- is irrelevant.

## **CONCLUSION**

Relevant contacts, other than the place of injury, are lacking. In such a case, the law of the place of injury prevails. *Martin*, 114 Wn.App at 830-31. The place of injury is Idaho and therefore, its law prevails. Only if the relevant contacts are evenly balanced will the court move on to consider the interests and public policies of the concerned states. *Brewer*, 447 F.Supp.2d at 1176, citing *Johnson v. Spider Staging Corp.*, 87 Wn.2d 577, 582, 555 P.2d 997

**ORDER GRANTING MOTION
FOR SUMMARY JUDGMENT-     6**

(1976). Here, the contacts are not evenly balanced between Idaho and Washington. Accordingly, the court need not consider the interests and public policies of Idaho and Washington.

Idaho's applicable two year statutes of limitations bar Plaintiff's action. The action was filed in Spokane County Superior Court on January 26, 2012, three years after the accident which injured Mr. Augello.

Based on the undisputed facts, Defendant's Motion For Summary Judgment (ECF No. 9) is **GRANTED**. Defendant CEC, d/b/a Bobcat Company, is awarded judgment on the claims asserted against it by Plaintiffs.

**IT IS SO ORDERED.** The District Court Executive shall enter judgment accordingly and forward copies of the judgment and this order to counsel of record. The file shall be closed.

**DATED** this   25th   day of March, 2013.

*s/Lonny R. Suko*

LONNY R. SUKO
United States District Court Judge

**ORDER GRANTING MOTION
FOR SUMMARY JUDGMENT-     7**